IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

| | |
|---|---|
| **PATRICIA FRASER-DODOO,** | * |
|     **Plaintiff** | * |
| **v.** | *    Civil No. PWG-19-3285 |
| **TARGET CORPORATION,** *et al.*, | * |
|     **Defendants.** | * |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff Patricia Fraser-Dodoo's Motion to Remand for Lack of Subject Matter Jurisdiction.[1] Fraser-Dodoo filed this action in state court, alleging a Target employee struck her with a pallet of boxes while she was shopping in the store. Compl., ECF No. 4. Defendants removed the case to federal court on the basis of diversity jurisdiction under 28 U.S.C. § 1332. Not. Removal, ECF No. 1. Because Defendants have failed to establish that Fraser-Dodoo's Complaint satisfies the statute's amount-in-controversy requirement, Fraser-Dodoo's motion is GRANTED. The case will be remanded to state court.

### BACKGROUND

Following her alleged injuries in Target on October 5, 2018, Fraser-Dodoo filed her premises liability Complaint in the Circuit Court of Maryland for Prince George's County on September 27, 2019. *See* Compl. She named two defendants: Target Corp. and its subsidiary, Target Enterprise, Inc. *Id.* at 1-2. The Complaint listed two negligence counts, identical in every

---

[1]     The motion has been fully briefed. Plaintiff's motion to remand was filed as ECF. No. 16; Defendants' response in opposition was ECF No. 17; and Plaintiff's reply to Defendants' response was ECF No. 18. A hearing is not necessary. *See* Loc. R. 105.6 (D. Md. 2018).

respect except that one alleged Target Corp. owned and operated the store and thus was liable for her injuries, and the other alleged that Target Enterprise, Inc. was responsible. *Id.* at 2-4. Plaintiff demanded exactly $75,000 from each defendant. *Id.*

Defendants were served with the Complaint on October 15, 2019. *See* Not. Removal 1-2. Thirty days later, they filed a notice of removal to this Court under 28 U.S.C. § 1441, which allows defendants to remove a civil action brought in state court to federal court if the action could have originally been filed in federal court. *Id.* Target's basis for removal was diversity jurisdiction under 28 U.S.C. § 1332. *Id.* at 2-3. Plaintiff is a resident of Maryland, and the Defendants are Minnesota corporations with their principal places of business in Minnesota. *Id.*

Defendants contend subject matter jurisdiction is proper because the parties are completely diverse and the amount in controversy exceeds $75,000. Defs.' Resp. 3-4, ECF No. 17. They argue that Plaintiff's Complaint demands $150,000 in total and that claims can be aggregated against separate defendants to meet the statutory amount in controversy if the defendants could be held jointly liable. *Id.*

Plaintiff maintains that she is seeking exactly $75,000 against one, not both, of Target's corporate entities. Pl.'s Mem. Supp. Mot. 1-2, ECF No. 16-1. She argues that the Complaint pleads an alternative liability theory, not a joint liability theory. *Id.* at 6. Plaintiff asserts that she was unable to determine which Target corporation was responsible for the store before bringing her suit and intends to dismiss the incorrect party during discovery. *Id.* at 7.

## STANDARD OF REVIEW

If a federal court determines that it does not have subject-matter jurisdiction over a case that has been removed from state court, the federal court must remand the case back to state court. 28 U.S.C. § 1447(c). The party seeking removal carries the burden of establishing federal

jurisdiction. *Jones v. Wells Fargo Co.*, 671 F. App'x 153, 154 (4th Cir. 2016) (per curiam). Because of federalism concerns, a federal court's jurisdiction to hear a removed case must be strictly construed, with all doubts resolved in favor of remanding the case to state court. *See, e.g.*, *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994).

The party asserting subject matter jurisdiction—here, Target Corp. and Target Enterprise, Inc.—must prove the facts necessary to establish jurisdiction by a preponderance of the evidence. *Simon v. Marriott Int'l, Inc.*, No. PWG-19-2879, 2019 WL 4573415, at *2 (D. Md. Sept. 20, 2019). I can consider facts outside the pleadings and am not limited to the allegations in a plaintiff's complaint when evaluating a motion to remand. *See United States v. Smith*, 395 F.3d 516, 519 (4th Cir. 2005) (considering the entire record in evaluating a motion to remand); *Linnin v. Michielsens*, 372 F. Supp. 2d 811, 819 (E.D. Va. 2005) (holding that the court has "authority to look beyond the pleadings and consider summary-judgment-type evidence, such as the affidavits and the depositions accompanying either a notice of removal or a motion to remand").

## DISCUSSION

When a plaintiff files a civil action in a state court, a defendant has a limited right to remove the case to a district court of the United States. First, the civil action must be one in which "the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). Relevant here, federal district courts have diversity jurisdiction over "all civil actions where the matter in controversy **exceeds** the sum or value of $75,000 . . . and is between . . . citizens of different States." 28 U.S.C. § 1332(a) (emphasis added). "The basic purpose of diversity jurisdiction is to enable 'access to an unbiased court to protect [a defendant] from parochialism.'" *Medish v. Johns Hopkins Health Sys. Corp.*, 272 F. Supp. 3d 719, 724 (D. Md. 2017) (quoting *Ziady v. Curley*, 396 F.2d 873, 875 (4th Cir. 1968)). Second, the action only may be removed "to the district court of

the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). In this instance, that division is the Southern Division of the District of Maryland.

This Court's ability to hear this case comes down to whether the Plaintiff sought $75,000 only from one or the other of the Target entities or $150,000 from both.[2] Considering the entire record, the former appears to be true. Even if the face of the Complaint is ambiguous, I must resolve any doubts in favor of ordering a remand. *See Mulcahey*, 29 F.3d at 151.

Plaintiff does not dispute that the parties meet complete diversity of citizenship under § 1332(a). Pl.'s Not. 1, ECF No. 12. However, she said her *ad damnum* clause of $75,000 was intended to preclude federal subject-matter jurisdiction. *See id.* at 2. Plaintiff is seeking $27,399.42 in economic damages and $47,600.58 in non-economic damages—conveniently not one penny over $75,000—although this cost breakdown was not included in her Complaint. *See* Mem. Supp. Mot. 2. Plaintiff also argues it is "highly likely and even beyond a legal probability" that one of the two Defendants will be dismissed before a trial. Pl.'s Not. 3. Dismissing a defendant, she contends, would divest the Court of subject-matter jurisdiction. *Id.*

Plaintiff's last point is inaccurate. A district court's jurisdiction is determined at the time of removal. *See Grupo Dataflux v. Atlas Glob. Grp., L.P.*, 541 U.S. 567, 570 (2004). "Events occurring subsequent to the institution of suit which reduce the amount recoverable below the statutory limit do not oust jurisdiction." *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289-90 (1938). Therefore, if Defendants had theoretically satisfied their burden of proving

---

[2] An amount in controversy of exactly $75,000 does not satisfy the threshold requirement of 28 U.S.C. § 1332(a). *E.g.*, *Jackson v. Johnson*, No. ELH-14-00011, 2014 WL 689390, at *3 (D. Md. Feb. 20, 2014); *Hickman v. Puglise*, No. CCB-12-3577, 2013 WL 141579, at *1 (D. Md. Jan. 10, 2013), *aff'd*, 521 F. App'x 158 (4th Cir. 2013) (per curiam).

4

subject-matter jurisdiction at the time of removal, an eventual recovery of less than $75,000 would not divest this Court of jurisdiction.

Nonetheless, Defendants have not met their burden. First, they have failed to show how or why both Target entities would be held jointly liable for $150,000. In their first and amended Answers, Defendants denied that Target Enterprise, Inc. owned or operated the store at which Plaintiff was allegedly injured. *See* Answer 2, ECF No. 5; Am. Answer 1-2, ECF No. 6. Moreover, there is a "deeply ingrained" principle of corporate law that parent and subsidiary corporations cannot usually be held liable for the acts of the other. *United States v. Bestfoods*, 524 U.S. 51, 61 (1998). In exceptional cases, such as misuse of corporate entities to commit fraud, the "veil" between the parent and subsidiary may be pierced. *Id.* at 62.

Defendants have not demonstrated by a preponderance of evidence why joint liability would be applicable here, aside from Target Enterprise, Inc. being a subsidiary of Target Corp. *See* Resp. 4-5. Joint liability typically requires more than just a parent-subsidiary relationship. *See, e.g.*, Restatement (Third) of Torts: Apportionment of Liability § 28E (Proposed Final Draft, Revised, 1999) ("If the independent tortious conduct of two or more persons is a legal cause of an indivisible injury, each defendant is jointly and severally liable for the economic damages portion of the recoverable damages for the indivisible injury. . . .").

Second, a plaintiff is allowed to include inconsistent allegations and demand relief in the alternative. Fed. R. Civ. P. 8(a)(3), 8(b)(2). "These provisions are desirable because on many occasions the pleader may find it necessary to demand relief in the alternative when he is uncertain about the factual background or legal bases for the right to recovery." 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1257 (3d ed.). Here, Plaintiff's two negligence claims are identical, except for describing which corporation owns and operates the Target store.

Therefore, the most logical way to construe the Complaint is as an assertion of alternative liability—either A or B, but not both, is responsible.

Finally, in view of the entire record and Maryland rules of procedure, Fraser-Dodoo plainly did not seek $150,000. A state court information report attached to her Complaint includes a section for monetary damages with four options: under $10,000; $10,000-$30,000; $30,000-$100,000; or over $100,000. ECF No. 4-2 at 2. Plaintiff checked the third box, $30,000-$100,000. *Id.*

Additionally, Maryland Rules of Civil Procedure preclude parties from demanding specific damages in pleadings if they are larger than $75,000. "Unless otherwise required by law, (a) a demand for a money judgment that does not exceed $75,000 shall include the amount of damages sought, and (b) a demand for a money judgment that exceeds $75,000 shall not specify the amount sought, but shall include a general statement that the amount sought exceeds $75,000." Md. R. 2-305.

Because Plaintiff demanded a specific sum, her Complaint should not be read as seeking duplicative recovery from both corporations. That sum, $75,000, does not satisfy the threshold to confer subject-matter jurisdiction on this Court under 28 U.S.C. § 1332.

## ORDER

For the reasons stated in this Memorandum Opinion and Order, it is this 19th day of June 2020, hereby ORDERED that Plaintiff's Motion to Remand, ECF No. 16, is GRANTED. The clerk is DIRECTED to remand this case to the Circuit Court of Maryland for Prince George's County and to CLOSE THIS CASE.

\_\_\_\_\_/S/_____
Paul W. Grimm
United States District Judge
